JUDGE FORREST

# 13 CV 2360

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

**RECEIVED**
APR 09 2013
U.S.D.C.S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CIPRIAN VERES-POP, on behalf of himself
and on behalf of all others similarly situated,

                                    Plaintiff,

            -against-

SISTINA RESTAURANT, INC.,
GIUSEPPE BRUNO, and GERARDO BRUNO,

                                    Defendants.
-------------------------------------------------------------------X

Docket No.:

**COLLECTIVE/CLASS
ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

1.  Plaintiff Ciprian Veres-Pop ("Plaintiff" or "Veres-Pop") on behalf of himself and on behalf of all others similarly situated, by his attorneys, Robert Wisniewski P.C., as and for his Complaint against the Defendants, Sistina Restaurant, Inc. ("Sistina" or the "Corporate Defendant"), Giuseppe Bruno ("Giuseppe"), and Gerardo Bruno ("Gerardo")(the Brunos collectively are the "Individual Defendants") states as follows:

## NATURE OF THE ACTION

2.  Plaintiff bring this action on behalf of himself and on behalf of all others similarly situated (**Exhibit 1**) to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA") and the various wage orders promulgated by the U.S.

Department of Labor and codified in 29 C.F.R. § 500 et seq.; the New York Labor Law,

including, without limitation, Articles 6 and 19, and the various wage orders promulgated

by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 135-146

("New York Labor Law" or "NYLL"); and the common law of the State of New York.

3.      The Individual Defendants are officers, shareholders, managers, employees, and/or

majority owners of the Corporate Defendant, which provide services in the alimentation

area to customers in the New York City area. Plaintiff has been employed by the

Corporate Defendant as a waiter, who regularly worked over 40 hours per week, but was

not compensated properly for all the hours he worked, or for the overtime hours. Plaintiff

also had tips improperly deducted from his pay.

4.      In addition, Plaintiff also brings this action on behalf of himself and on behalf of all

others similarly situated to recover damages and for injunctive relief under Title VII of

the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII"), the New York Executive

Law § 296 ("New York Human Rights Law") and under the New York City Charter and

Administrative Code § 8-207 ("New York City Human Rights Law") for national origin

discrimination, harassment, and retaliation by constructive discharge.

## PARTIES, JURISDICTION AND VENUE

5.      At all relevant times herein, Plaintiff Veres-Pop was and still is a resident of the State of

New York, Queens County.

6.      At all times herein, Defendant Sistina was and still is a domestic business corporation

duly organized under, and existing by virtue of, the laws of the State of New York, and

presently having its principal place of business at: 1555 Second Ave., New York, NY

10028.

7.  At all times herein, the Corporate Defendant transacted and still transacts substantial business and derived and still derives substantial revenue from services rendered in the State of New York.

8.  The Individual Defendants at all relevant times herein were and are residents of the State of New York, New York County.

9.  The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of Sistina, and, as some of the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 2**).

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce); and 42 U.S.C. §2000e et seq. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

11. The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of said Defendants produce, sell or otherwise work on goods that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

12. This Court has personal jurisdiction over the Individual Defendants in that the Individual Defendants are citizens and residents of the State of New York and perform work in the

State of New York.

13.    This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C.

§ 1391(b) because the events giving rise to Plaintiff's claims occurred in this district, and

because all Defendants may be found within this district.

## JURY DEMAND

14.    Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

15.    The Corporate Defendant and Individual Defendants are the owners, managers, and/or

operators of a restaurant called Sistina in the State of New York that is engaged in the

provision of alimentation services to customers in the New York City and New York

State area.

16.    Plaintiff worked at Sistina during the six years immediately preceding the initiation of

this action and performed labor and services for Defendants, but did not receive the

compensation required by the FLSA, New York Labor Law or the common law of the

State of New York, and the federal and state wage orders codified in 29 C.F.R. § 500 et

seq., and 12 N.Y.C.R.R. §§ 137-143.

17.    Others similarly situated to Plaintiff worked for the Defendants in the above-mentioned

restaurant during the six years immediately preceding the initiation of this action and

performed labor and services for Defendants, but did not receive the compensation

required by the FLSA, New York Labor Law or the common law of the State of New

York, and the federal and state wage orders codified in 29 C.F.R. § 500 et seq., and 12

N.Y.C.R.R. §§ 137-143.

18.  Plaintiff Veres-Pop was employed by the Corporate Defendant as a waiter from approximately August 2011 to February 2013.

19.  Plaintiff typically worked six days per week, starting at 3:00 p.m. and ending anywhere from 10:30 p.m. to 1:00 a.m. Plaintiff punched in on a time clock during part of the time of his employment with Defendants; however, there were times when Defendant Giuseppe clocked employees in himself, and not all hours worked by Plaintiff and others similarly situated were recorded.

20.  Plaintiff was paid by check at a rate between $4.50 and $5.00 per hour, plus tips. However, he was not paid for all hours, was not paid the minimum wage for all hours, and was not paid at the overtime rate for all hours over 40 hours per week.

21.  Plaintiff and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the Fair Labor Standards Act, New York Labor Law, the common law of the State of New York, and the federal and state wage orders codified in 29 C.F.R. § 500 et seq. and 12 N.Y.C.R.R. §§ 137-143 in respect to their work for Defendants.

22.  At all relevant times, Defendants paid Plaintiff and others similarly situated below the minimum wage required by the FLSA and the various wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 500 et seq, as well as New York Labor Law and the various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143.

23.  Defendants engaged in the willful practice of consistently underpaying their workers under relevant federal and state laws.

24.  Plaintiff and others similarly situated regularly worked at least 40 hours per week but

were not paid for all the time they worked for the Corporate Defendants.

25.   Plaintiff and others similarly situated worked in excess of 40 hours per week but were not paid the proper overtime rate under Federal and New York State law.

26.   Furthermore, at all relevant times, although Defendants paid Plaintiff and others similarly situated a reduced minimum wage, Defendants failed to notify Plaintiff and others similarly situated that they were being paid below the required minimum wage because Defendants were taking a so-called tip credit pursuant to FLSA, 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.4.

27.   Particularly, Defendants did not post a notice on the wall of Sistina to notify their employees of the so-called tip credit, as required by 29 C.F.R. § 516.4, and, as such, failed to properly notify their employees of the tip credit.

28.   At all relevant times, Defendants provided compensation to Plaintiff and the other employees at Sistina by allowing them to retain a portion of tips they received from the patrons of Sistina.

29.   Defendants allowed these employees to form a tip pool, wherein waiters, busboys, and food runners, and other service workers included the tips they received from patrons each day. The tip pool was then split between the employees.

30.   Defendant Giuseppe improperly participated in the tip pool and took a portion of the tips, despite the fact that he performed primarily managerial tasks, including scheduling employees' work, ordering food for the restaurant, and generally running the operations of the restaurant.

31.   Defendant Giuseppe continued this practice up until approximately January or February

of 2012.

32.   As a result, Defendants illegally retained a percentage of their employees' tips in violation of federal and New York state laws.

33.   Furthermore, Defendants wilfully and intentionally refused to properly pay their employees for all hours worked.

34.   At all times herein, the Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents of the Corporate Defendant.

35.   At all times herein, the Individual Defendants conducted business as the Corporate Defendant.

36.   At all times relevant herein, the Individual Defendants acted for and on behalf of the Corporate Defendant, with the power and authority vested in them as officers, agents and employees of the Corporate Defendant, and acted in the course and scope of their duty and function as agents, employees and officers of the Corporate Defendant.

37.   At all times herein, upon information and belief, the Individual Defendants used the Corporate Defendant in order to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

38.   Upon information and belief, in conducting the affairs of the Corporate Defendant, the Individual Defendants failed to comply with the corporate formalities, usurped the assets of the Corporate Defendant for personal use, and commingled personal assets with the assets of the Corporate Defendant.

39.   Upon information and belief, the Corporate Defendant is the alter ego of the Individual Defendants, and as will be established at trial, for the purpose of the claims made by Plaintiff herein, the Corporate Defendant has no separate legal existence from the

Individual Defendants, and, as a result, the Corporate Defendant and the Individual Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

40. At all times relevant herein, upon information and belief, the Individual Defendants directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiff and others similarly situated and by virtue of their positions with the Corporate Defendant have been responsible for the proper management and handling of the payroll and payroll calculations at the Corporate Defendant.

41. The Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as controlling owners, shareholders, directors, officers and/or managers of the Corporate Defendant, have assumed personal liability for the claims of the Plaintiff and others similarly situated herein.

42. The various violations of the law which are alleged herein were committed intentionally and/or willfully by the Defendants.

43. The Individual Defendants had control over the conditions of Plaintiff and others similarly situated's employment, their work schedules, the rates and methods of payment of their wages and the maintenance of their employment records.

44. At all relevant times, the Individual Defendants had operational control over the Corporate Defendant.

45. As a matter of economic reality, all Defendants are joint employers of Plaintiff and others similarly situated and, as a result, all Defendants, individually and collectively, and

jointly and severally, are liable for all claims made herein.

*Facts Relating to Discrimination and Constructive Discharge by Defendants*

46.   Plaintiff and others similarly situated who worked at Sistina were born outside the United States and are of various ethnicities. Specifically, Plaintiff is Romanian.

47.   Defendant Giuseppe regularly disparaged Plaintiff and others similarly situated due to their race, ethnicity and national origin.

48.   Specifically, Defendant Giuseppe frequently called Plaintiff a "gypsy," a well-known derogatory term for members of the Roma people, who live in Romania in significant numbers. Defendant Giuseppe also accused Plaintiff of stealing and connected these allegations with Plaintiff's origin and, on one occasion, angrily prevented him from speaking Romanian to another Romanian employee.

49.   Plaintiff is of Slavic origin. Nevertheless, Plaintiff was insulted and offended by the use of the term "gypsy" and by the other conduct directed at Plaintiff by reason of his ethnicity and national origin.

50.   Plaintiff is also aware of instances of discrimination against Muslim employees due to their race, ethnicity and/or religion, including the use of terms such as "camel jockey," and at least one instance in which Defendant Giuseppe put bacon in soup that was to be eaten by some Muslim employees, despite knowing that Muslims are forbidden to eat bacon.

51.   The harassment and discrimination by Defendants was so pervasive and severe that it created a hostile work environment for Plaintiff and others similarly situated.

52.   Due to the discrimination by Defendants, Plaintiff could not stand the atmosphere at Sistina, but he knew from instances when others complained that it would be futile to

complain to Defendants, so Plaintiff looked for another job and stopped working for

Sistina.

53.     The hostile work environment created by Defendants was such that it resulted in the

constructive discharge of Plaintiff and others similarly situated.

54.     Plaintiff and others similarly situated were subject to disparate treatment as a result of

their ethnicity and national origin.

## CLASS ALLEGATIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(b)(2) AND 23(b)(3) FOR VIOLATIONS OF NEW YORK LABOR LAW AND WAGE ORDERS

55.     Plaintiff bring this action on behalf of himself and all other persons who were or are

employed by the Defendant in their restaurant as waiters, food runners, busboys,

bartenders, and the like but did not receive the compensation required by the common

law of the State of New York, New York Labor Law, and the state wage orders codified

in 12 N.Y.C.R.R. §§ 137-143 in respect to their work for Defendants.

56.     Upon information and belief, this class of persons consists of not less than forty (40)

persons, and the class is thus so numerous that joinder of all members is impracticable

under the standards of Fed. R. Civ. P. 23 (a)(1).

57.     There are questions of law and fact common to the class which predominate over any

questions affecting only individual members, specifically: whether the employment of the

Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime

requirements of the New York Labor Law, the common law of New York and the state

wage orders codified in 12 N.Y.C.R.R. §§ 137-143. Only the amount of individual

damages sustained by each class member will vary.

58.     The claims of the Plaintiff are typical of the claims of the above-described class in that all

of the members of the class have been similarly affected by the acts and practices of the Defendants.

59.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

60.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

61.     Plaintiff brings the first through third, fifth, twelfth and thirteenth claims for relief herein on behalf of himself individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations of the New York Labor Law, the common law of the State of New York and the state wage orders codified in 12 N.Y.C.R.R. §§ 137-143.

### CLASS ALLEGATIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(b)(2) AND 23(b)(3) FOR VIOLATIONS OF TITLE VII AND THE NEW YORK STATE AND CITY HUMAN RIGHTS LAWS

62.     Plaintiff brings this action on behalf of himself and all other employees who were, have been or will be employed by the Defendants, and who were, have been or will be subjected to discrimination on the basis of their ethnicity and/or national origin in the form of harassment and/or disparate treatment for purposes of individual claims for compensation or damages.

63.     Upon information and belief, this class of persons consists of not less than forty (40) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

64.     There are questions of law and fact common to the class which predominate over any

questions affecting only individual members, specifically: whether the employment of Plaintiff by the Corporate Defendant is subject to the jurisdiction and the requirements of Title VII, the New York Human Rights Law and the New York City Human Rights Law, and whether a preliminary and then permanent injunction enjoining Defendants from violating the above laws is appropriate. Only the amount of individual damages sustained by each class member will vary.

65.   The claims of the Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

66.   The Plaintiff will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

67.   In addition, Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole under Fed. R. Civ. P. 23 (b)(2).

68.   Defendants' violations of Title VII, the New York Human Rights Law and the New York City Human Rights Law are continuing and will continue such that a preliminary injunction is appropriate until a hearing on the merits, after which a permanent injunction should be entered.

69.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

70.   Plaintiff brings the sixth through eleventh claims for relief herein on behalf of himself individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly

situated have against the Defendants as a result of Defendant's violations under Title VII, the New York Human Rights Law and the New York City Human Rights Law and the common law of the State of New York.

## COLLECTIVE ACTION ALLEGATIONS

71.   Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Defendants in their restaurant as waiters, food runners, busboys, bartenders, and the like but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 500 et seq. in respect to their work for Defendants.

72.   Upon information and belief, this class of persons consists of not less than forty (40) persons.

73.   There are questions of law and fact common to the class specifically whether the employment of the Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 500 et seq. Only the amount of individual damages sustained by each former or current employee will vary.

74.   Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy not to pay Plaintiff proper regular and overtime wages under the FLSA.

75.   Plaintiff brings the fourth claim for relief herein on behalf of himself individually and all persons similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations under the FLSA and the federal wage orders codified in

29 C.F.R. § 500 et seq.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against All Defendants)

76.   Plaintiff repeats and realleges each and every allegation as previously set forth.

77.   Plaintiff and all others similarly situated agreed to perform work and services for the

Defendant.

78.   Plaintiff and all others similarly situated and Defendants each had an oral contract to

perform work for Defendants, whereby Plaintiff and others similarly situated would

provide services as waiters, food runners, busboys, and bartenders in exchange for

compensation in the form of hourly wages.

79.   These oral contracts called for Plaintiff and all others similarly situated to be paid the

minimum wage per hour under the FLSA and New York Labor Laws and for the wages

to be periodically increased as per increases in the minimum wage.

80.   Plaintiff and all others similarly situated satisfactorily supplied labor and complied with

the terms of their employment agreements with the Defendants and were therefore

entitled to wages they rightfully earned while working for the Defendants.

81.   The Defendants failed or refused to pay Plaintiff and all others similarly situated the

wages to which they were entitled under their respective employment agreements with

the Defendants.

82.   The Defendants' failure or refusal to pay Plaintiff and others similarly situated the wages

to which they were entitled under their respective employment agreements with the

Defendants constitutes a breach of Plaintiff and all others similarly situated's

employment agreements with the Defendants.

83.     Specifically, Defendants' failure or refusal to pay Plaintiff and others similarly situated

        the wages to which they were entitled under their respective employment agreements

        with the Defendants breached the element requiring that Defendants pay Plaintiff and

        others similarly situated the minimum wage.

84.     That by virtue of the foregoing breach of contract by the Corporate Defendants, Plaintiff

        and others similarly situated have been damaged in an amount to be proven at trial based

        upon an accounting of the amount Plaintiff and others similarly situated should have been

        paid as contemplated by their respective employment agreements with the Defendants,

        which is the minimum wage per hour, less amounts actually paid to Plaintiff and others

        similarly situated, together with an award of interest, costs, disbursements, and attorneys'

        fees.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit against All Defendants)

85.     Plaintiff repeats and realleges each and every allegation previously set forth.

86.     Plaintiff and others similarly situated performed work and services as waiters, food

        runners, busboys, and bartenders for Defendants in good faith.

87.     Defendants, by employing Plaintiff and all others similarly situated, voluntarily accepted

        Plaintiff and others similarly situated's services.

88.     Plaintiff and others similarly situated had a reasonable expectation of payment for the

        hours they worked for Defendants, but Defendants failed to remunerate Plaintiff and

        others similarly situated for all the hours they worked.

89.     Plaintiff and others similarly situated were entitled to payment for the unpaid hours they

        worked for Defendants at a rate which constitutes the reasonable value of their services,

which is the minimum wage per hour worked, less amounts actually paid to Plaintiff and others similarly situated, together with an award of interest, costs, disbursements, and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (New York Labor Law against All Defendants)

90.    Plaintiff repeats and realleges each and every allegation previously set forth.

91.    Pursuant to the New York Labor Law Articles 6 and 19, including, without limitation, §193, §198, § 196-d and § 663, and the Wage Orders issued under the New York Labor Law at 12 N.Y.C.R.R. §§ 137-143, Plaintiff and others similarly situated were entitled to certain hourly minimum wages, overtime wages, and other wages, all of which the Defendants intentionally and willfully failed to pay in violation of such laws.

92.    Wherefore Plaintiff and others similarly situated seek a judgment against all Defendants for all wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the New York Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorneys' fees, interest and costs as provided under Labor Law § 198 and § 663.

### FOURTH CLAIM FOR RELIEF
### (FLSA against All Defendants)

93.    Plaintiff repeats and realleges each and every allegation previously set forth.

94.    Plaintiff and others similarly situated bring this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 500 et seq., under which Plaintiff and others similarly situated were entitled to a minimum wage and an overtime hourly wage of time and one-half their

regular hourly wage for all hours worked in excess of forty hours per week.

95.     Plaintiff and others similarly situated worked more than forty (40) hours per week for Defendant, and Defendants willfully failed to make said minimum wage and/or overtime payments.

96.     Plaintiff and others similarly situated seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

## FIFTH CLAIM FOR RELIEF
### (Unlawful Retention of Gratuities Under New York Labor Law §196-d)

97.     Plaintiff repeats and realleges each and every allegation previously set forth.

98.     As part of Plaintiff and others similarly situated's compensation, Defendants allowed them to retain the tips provided to them by patrons.

99.     Plaintiff and others similarly situated pooled their tips in a tip pool and the pool was split up and disbursed to Plaintiff and others similarly situated.

100.    Despite performing primarily managerial tasks, Defendant Giuseppe routinely received tips from the tip pool.

101.    By unlawfully retaining their employees' gratuities, Defendants violated New York Labor Law §196-d.

102.    Plaintiff, on this claim for relief, seeks payment of lost gratuities, damages and reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (Employment Discrimination under Title VII, 42 U.S.C. §2000e et seq. against All Defendants)

103.   Plaintiff repeats and realleges each and every allegation previously set forth.

104    When employed by the Corporate Defendant, Plaintiff and others similarly situated were employees within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. §2000e(f).

105.   At all relevant times herein, the Corporate Defendant was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. §2000e(b).

106.   Title VII, 42 U.S.C. §2000e-2(a) makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . national origin."

107.   The Corporate Defendant, through its employees, engaged in discrimination on the basis of national origin sufficient to alter the terms and conditions of Plaintiff's and others similarly situated's employment and create an abusive work environment, in violation of 42 U.S.C. §2000e-2(a).

108.   The Corporate Defendant is liable for the discrimination against Plaintiff and others similarly situated because it was created and fostered by management, especially Defendant Giuseppe, and/or because the Corporate Defendant did not take adequate steps to prevent or address instances of national origin discrimination.

109.   Said discrimination occurred with malice and reckless disregard of Plaintiff's rights.

110.   As a direct and proximate result of this discrimination against Plaintiff and others similarly situated, they suffered and continue to suffer actual damages, in forms including but not limited to lost income, lost future earnings and mental anguish, pain and suffering.

## SEVENTH CLAIM FOR RELIEF
### (Discrimination under N.Y. City Admin. Code § 8-107 against All Defendants)

111.    Plaintiff repeats and realleges each and every allegation previously set forth.

112.    At all relevant times herein, the Corporate Defendant had at least four persons in its

employ and therefore the Corporate Defendant and its agents and employees were

required to comply with the Civil Rights Laws of the City of New York, including N.Y.

City Admin. Code § 8-107.

113.    N.Y. City Admin. Code § 8-107(1)(a) prohibits employers from discriminating against an

employee because of national origin "in compensation or in terms, conditions or

privileges of employment."

114.    N.Y. City Admin. Code § 8-107(6) provides that it is "an unlawful discriminatory

practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts

forbidden under this chapter, or to attempt to do so."

115.    The discrimination against Plaintiff and others similarly situated on the basis of national

origin was sufficiently severe and pervasive to alter the terms and conditions of their

employment and create an abusive working environment in violation of N.Y. City

Admin. Code § 8-107(1).

116.    The Individual Defendants violated N.Y. City Admin. Code § 8-107 by aiding and

abetting, and, perpetrating said discrimination.

117.    Said discrimination occurred with malice and reckless disregard of the rights of Plaintiff

and others similarly situated.

118.    As a direct and proximate result of this discrimination against Plaintiff and others

similarly situated, they suffered and continue to suffer actual damages, in forms including

but not limited to lost income, lost future earnings and mental anguish, pain and suffering.

## EIGHTH CLAIM FOR RELIEF
### (Discrimination under N.Y. Executive Law 296 against All Defendants)

119. Plaintiff repeats and realleges each and every allegation previously set forth.

120. At all relevant times herein, the Corporate Defendant had at least four persons in its employ and therefore the Corporate Defendant and its agents and employees are and were required to comply with the Human Rights Laws of the State of New York, including N.Y. Executive Law § 296.

121. N.Y. Executive Law § 296(1)(a) prohibits employers from discriminating against an employee because of national origin "in compensation or in terms, conditions or privileges of employment."

122. N.Y. Executive Law § 296(6) provides that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

123. The national origin discrimination was sufficiently severe and pervasive to alter the terms and conditions of the employment of Plaintiff and others similarly situated and created an abusive working environment in violation of N.Y. Executive Law § 296(1)(a).

124. The Individual Defendants violated N.Y. Executive Law §296(6) by aiding and abetting, and perpetrating said discrimination.

125. Said discrimination occurred with malice and reckless disregard of the rights of Plaintiff and others similarly situated.

126. As a direct and proximate result of this discrimination against Plaintiff and others

similarly situated, they suffered and continue to suffer actual damages, in forms including but not limited to lost income, lost future earnings and mental anguish, pain and suffering.

## NINTH CLAIM FOR RELIEF
### (Retaliatory Discharge under Title VII, 42 U.S.C. §2000e-2(a) against All Defendants)

127.  Plaintiff repeats and realleges each and every allegation previously set forth.

128.  When employed by Defendants, Plaintiff and others similarly situated were employees within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. §2000e(f).

129.  At all relevant times herein, Defendants were employers within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. §2000e(b).

130.  Title VII, 42 U.S.C. §2000e-2(a) makes it unlawful for an employer "to discharge any individual . . . because of such individual's . . . national origin."

131.  The Corporate Defendant, through its employees, engaged in discrimination on the basis of national origin sufficient to alter the terms and conditions of Plaintiff's and others similarly situated's employment and create an abusive work environment, in violation of 42 U.S.C. §2000e-2(a).

132.  This discrimination was sufficiently pervasive and severe and caused such a hostile work environment as to result in the constructive discharge of Plaintiff and others similarly situated.

133.  Said discharge occurred with malice and reckless disregard of the rights of Plaintiff and others similarly situated.

134.  As a direct and proximate result of the constructive discharge, they suffered and continue to suffer actual damages, in forms including but not limited to lost income, lost future

earnings and mental anguish, pain and suffering.

## TENTH CLAIM FOR RELIEF
### (Retaliatory Discharge under N.Y. Executive Law 296 against All Defendants)

135.   Plaintiff repeat and reallege each and every allegation previously set forth.

136.   At all relevant times herein, the Corporate Defendants had at least four persons in its

employ and therefore the Corporate Defendants and its agents and employees are and

were required to comply with the Human Rights Laws of the State of New York,

including N.Y. Executive Law 296.

137.   N.Y. Executive Law 296(1) provides that it shall be an unlawful employment practice to,

"because of an individual's . . . national origin . . . discharge from employment such

individual . . ."

138.   N.Y. Executive Law 296(6) provides that it is "an unlawful discriminatory practice for

any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden

under this chapter, or to attempt to do so."

139.   By engaging in discrimination and harassment that was sufficiently pervasive and severe

as to cause a hostile working environment, Defendants constructively discharged Plaintiff

and others similarly situated from employment in violation of N.Y. Executive Law

296(1) and aided and abetted that discharge in violation of Section 296(6).

140.   Said discharge occurred with malice and reckless disregard of the rights of Plaintiff and

others similarly situated.

141.   As a direct and proximate result of the action taken by Defendants against Plaintiff and

others similarly situated, they suffered and continue to suffer actual damages, in forms

including but not limited to lost income, lost future earnings and mental anguish, pain and

suffering.

## ELEVENTH CLAIM FOR RELIEF
### (Retaliatory Discharge under N.Y. City Admin. Code § 8-107 against All Defendants)

142.   Plaintiff repeats and realleges each and every allegation previously set forth.

143.   At all relevant times herein, the Corporate Defendant had at least four persons in its
       employ and therefore the Corporate Defendant and its agents and employees were
       required to comply with the Civil Rights Laws of the City of New York, including N.Y.
       City Admin. Code § 8-107.

144.   N.Y. City Admin. Code § 8-107(1)(a) provides that it shall be an unlawful employment
       practice to, "because of the actual or perceived . . . national origin . . . of any person . . . to
       . . . discharge from employment such person . . ."

145.   N.Y. City Admin. Code § 8-107(6) provides that it is "an unlawful discriminatory
       practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts
       forbidden under this chapter, or to attempt to do so."

146.   By engaging in discrimination and harassment that was sufficiently pervasive and severe
       as to cause a hostile working environment, Defendants constructively discharged Plaintiff
       and others similarly situated from employment in violation of N.Y. City Admin. Code §
       8-107(1)(a), and aided and abetted that discharge in violation of Section 8-107(6).

147.   Said discharge occurred with malice and reckless disregard of the rights of Plaintiff and
       others similarly situated.

148.   As a direct and proximate result of the action taken by Defendants against Plaintiff and
       others similarly situated, they suffered and continue to suffer actual damages, in forms
       including but not limited to lost income, lost future earnings and mental anguish, pain and

suffering.

## TWELFTH CLAIM FOR RELIEF
### (New York Labor Law Retaliation against All Defendants)

149. Plaintiff repeats and realleges each and every allegation previously set forth.

150. Defendants created an environment in which employees knew they could not complain about their wages or wage violations in violation of the New York Labor Law, or they would be fired.

151. By creating such a hostile working environment, Defendants constructively discharged Plaintiff and others similarly situated from employment in violation of Section 215 of the New York Labor Law, because any complaints about the wage violations would have been futile.

152. Defendants willfully and intentionally created such a hostile working environment, and thus willfully and intentionally discharged Plaintiff and others similarly situated.

153. Plaintiff seeks, on this claim for relief, reinstatement to his former position, payment of lost compensation, damages and reasonable attorneys' fees and costs.

## THIRTEENTH CLAIM FOR RELIEF
### (FLSA Retaliation against all Defendants)

154. Plaintiff repeats and realleges each and every allegation previously set forth.

155. Defendants created an environment in which employees knew they could not complain about their wages or wage violations in violation of the FLSA, or they would be fired.

156. By creating such a hostile working environment, Defendants constructively discharged Plaintiff and others similarly situated from employment in violation of 29 U.S.C. § 215 (a)(3), because any complaints about the wage violations would have been futile.

157. Defendants willfully and intentionally created such a hostile working environment, and

thus willfully and intentionally discharged Plaintiff and others similarly situated.

158. Plaintiff seeks, on this claim for relief, reinstatement to his former position, payment of lost compensation, damages and reasonable attorneys' fees and costs.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. Liquidated damages pursuant to FLSA and New York Labor Law;

3. Plaintiff's costs and reasonable attorney's fees;

4. Pre-judgment interest;

5. An injunction, preliminary until a hearing on the merits and then permanent, that

    (a)   the Court enjoins Defendants from engaging in the practices complained of herein in causes of action one through three and five that violate the common law of the state of New York, New York Labor Law and the wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143, including, without limitation, 12 N.Y.C.R.R. §§ 137-1.2, 137-1.3, 137-1.5, 137-1.7, 137-2.1, and 137-2.5, particularly from:

        (i)   failing to compensate their employees at the minimum wage rate for each regular and overtime hour worked;

        (ii)   failing to compensate their employees at the overtime premium rate for each overtime hour worked;

(iii)   any and all other practices that violate the New York Labor

Law and of the wage orders promulgated thereunder;

6.   An injunction, preliminary until a hearing on the merits and then permanent, that

(a)   the Court enjoins Defendants from engaging in the practices

complained of herein in causes of action six through eight that

violate Title VII, N.Y. Executive Law 296 or N.Y. City Admin.

Code § 8-107, particularly from:

(i)   discriminating against an employee because of national

origin in compensation or in terms, conditions or privileges

of employment;

(ii)   any and all other practices that violate Title VII, N.Y.

Executive Law 296 or N.Y. City Admin. Code § 8-107;

7.   Back pay and front pay, and all benefits to which Plaintiff was entitled;

8.   Reinstatement of Plaintiff to his former position;

9.   Punitive damages; and

Together with such other and further relief that the Court deems just.

Dated:   New York, NY
         April 5, 2013

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

-26-

TO:

Sistina Restaurant, Inc.
1555 Second Ave.
New York, NY 10028

Giuseppe Bruno
1555 Second Ave.
New York, NY 10028

Gerardo Bruno
1555 Second Ave.
New York, NY 10028

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
225 Broadway. Suite 1020
New York, New York 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CIPRIAN VERES-POP, on behalf of himself
and on behalf of all others similarly situated,

                                                        Docket No.:

Plaintiff,

-against-

SISTINA RESTAURANT, INC., and
GIUSEPPE BRUNO,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor

Standards Act action under Section 216(b) of the FLSA and to act as a representative of others

similarly situated and to make decisions on my behalf and on behalf of others similarly situated

concerning the litigation, the method and manner of conducting this litigation, and all other matters

pertaining to this lawsuit.

CIPRIAN VERES POP                          REDACTED
Print Name                                 Sign Name

REDACTED                                   REDACTED
Address                                    Telephone

REDACTED                                   04/02/2013
City, State, Zip Code                      Date

-1-

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

Sistina Restaurant, Inc.
1555 Second Ave.
New York, NY 10028

PLEASE TAKE NOTICE, that CIPRIAN VERES-POP, as an employee of the above corporation intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who has expressly authorized the undersigned, as his attorney, to make this demand on his behalf,

HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
April __, 2013

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, New York  10007
(212) 267-2101

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   GIUSEPPE BRUNO
      GERARDO BRUNO

        PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that CIPRIAN VERES-POP, intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of SISTINA RESTAURANT, INC., for all debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the said corporations for services performed by him for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       April 12, 2013

                                          ROBERT WISNIEWSKI P.C.

                                          By: _____
                                               Robert Wisniewski (RW-5308)
                                          Attorneys for Plaintiff
                                          225 Broadway, Suite 1020
                                          New York, New York  10007
                                          (212) 267-2101