ROBERT WISNIEWSKI  P.C.

ATTORNEYS-AT-LAW

225 BROADWAY, SUITE 1020 • NEW YORK, NY 10007
TEL: (212) 267-2101 • FAX: (212) 587-8115
WEBSITE: www.rwapc.com

August 12, 2013

Hon. Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl St., Room 730
New York, NY 10007-1312
     *VIA E-MAIL at ForrestNYSDChambers@nysd.uscourts.gov*

Re.: Veres-Pop v. Sistina Restaurant, Inc., et al.
Docket No.: 13-cv-2360 (KBF)

Dear Judge Forrest:

I represent Plaintiffs in the above-captioned matter. As the Court is already aware from motions filed by Plaintiffs last week, the parties have had difficulty resolving discovery disputes. This extends not only to the production of documents (and the Court has already ordered Defendants to produce some documents improperly withheld), but to scheduling the depositions of the parties, which Defendants initially agreed to, but are now trying to back out of. Thus, I am writing to ask for orders from the Court on the following issues:

1.     An order compelling Defendants: (a) to respond to interrogatories and produce documents concerning another lawsuit filed against them for unpaid wages in 2010; and (b) to produce the tip books from the restaurant for 2007-2010; and

2.     An order compelling Defendant Giuseppe Bruno to appear for deposition *after* Defendants have produced outstanding documents, by the end of August, and ordering that the depositions of Defendants will take place immediately following the depositions of Plaintiffs; and

3.     In light of Defendants' intransigence in responding to discovery and scheduling depositions, an order extending the time to file motions for summary judgment and/or class certification to the end of October.

As the Court will recall, this is a putative class/collective action for unpaid wages, overtime wages, and tips pursuant to the FLSA and New York Labor Law ("NYLL") filed on April 9, 2013, by a former employee of Defendants, who own and operate an Italian restaurant called Sistina.

With respect to No. 1, Plaintiffs have learned that Sistina was sued in another action in

or around 2010, in the Southern District, and which was styled ***Revelo, et al. v. Sistina Restaurant, Inc.***, et al., Docket No. 10-cv-2204.

Plaintiffs specifically asked, in interrogatories and requests for production, for information about prior lawsuits against Defendants for wage violations (Plaintiffs' Interrogatory No. 8, Request for Production Nos. 29, 30). However, Defendants objected to providing any such information.

Consistent with the Court's order requiring *Plaintiff* to respond to questioning concerning other lawsuits in which he has been a party, *Defendants* should be ordered to respond to questions, including written discovery, about other lawsuits to which they have been parties.

Defendants should also produce the tip books from the restaurant for 2007-2010. The Court already ordered that the tip books be produced in redacted form. The tip books are crucial for several reasons. First, to the extent they show that Defendant Giuseppe Bruno participated in the tip pool, they would be evidence of Defendants' tip-poaching scheme. They are also necessary for Plaintiffs' calculations, because to the extent Giuseppe Bruno poached his employees' tips, Defendants cannot claim the tip credit and they are entitled to payment of their wages at the normal minimum wage.

Finally, and most importantly for this Motion, the tip books are crucial to Plaintiffs' motion for class certification. Any class in this case would concern claims for unpaid tips and wages under the New York Labor Law, which has a six year statute of limitations. ***See*** NYLL Section 663. Thus, Defendants should produce the tip books going back six years before the filing of the complaint, or 2007.

But Defendants have only produced the tip books from 2011 and 2012. Defense counsel Daniel Moretti has stated to me informally that the tip book from 2010 (when Plaintiff first began working at Sistina) "no longer exists."

This claim is difficult to believe, not only because it is too incredibly coincidental that the tip book from the first part of Plaintiff's tenure is missing, but also because Defendants have not provided any statement or verification under oath to substantiate the claim. If Defendants truly intend to take the position that the tip book from 2010 no longer exists, they should state under oath in response to Plaintiffs' document requests that it no longer exists, as well as how it came to be destroyed, and when.

The Court recently ordered Defendants to produce other documents which were withheld, despite their obvious relevance. The Court also granted Plaintiffs' Motion to approve a collective action under the FLSA, and ordered that notice of pendency of this lawsuit be given to Defendants' employees.

However, given Defendants' refusal to produce relevant documents in a timely manner, and their gamesmanship with respect to depositions (which will be detailed below), it is simply impossible to meet the Court's deadline to file motions for class certification and/or summary judgment. Defendants' pattern of conduct is an obvious and deliberate effort to hinder Plaintiffs' ability to comply with the Court's deadlines in this matter, and should not be tolerated.

The current deadline to file motions for summary judgment and/or class certification is September 16, 2013. There is simply no way that Plaintiffs can prepare such a motion(s) by September 16 when Defendants refuse to respond to discovery fully, and when they refuse to abide by agreements concerning the scheduling of depositions.

As for the depositions, I would ask the Court to consider the following. In light of the very short time frame in which to conduct discovery and prepare motions for class certification and summary judgment, the parties agreed on a schedule of depositions. Originally, I agreed with Tina Bhatt, Esq., one of the attorneys for Defendants, to hold the depositions of Plaintiffs Veres-Pop and Velazquez on August 8 and 9, with the deposition of Giuseppe Bruno to take place on August 14 (see attached e-mail dated August 5, 2013, confirming this agreement).

I agreed to these dates to accommodate the schedule of Daniel Moretti, the lead trial counsel on the case for Defendants, even though my preference was to have the depositions of Plaintiffs and Defendants scheduled back-to-back.

However, on August 6, 2013, Mr. Moretti suggested that we attempt to settle this matter during the week, and we agreed that Plaintiffs' depositions would not take place on August 8 and 9 as scheduled. Instead, I again accommodated Mr. Moretti's desire to depose Plaintiff Veres-Pop first, and we agreed to schedule the deposition of Plaintiff for August 14, and the deposition of Giuseppe Bruno on August 15. We also agreed that Gerardo Bruno would be deposed on August 29.

Obviously, no resolution was achieved. Instead, Mr. Moretti suddenly asserted that Defendants had to depose *all* Plaintiffs before any of the Defendants could be deposed. It was also hinted that, due to amorphous family issues, Giuseppe Bruno would not be produced on August 15. Defense counsel has suggested that Giuseppe Bruno be deposed around the same time as his brother on August 29.

I would also note that, when Ms. Bhatt appeared at the scheduling conference in this matter, Your Honor set a schedule to accommodate Ms. Bhatt's planned vacation. Now, however, Defendants claim that Ms. Bhatt is unable to conduct any depositions in this matter, and that only Mr. Moretti, the lead trial counsel, can take and defend the depositions.

Defendants are also claiming that Mr. Moretti will not be available to take or defend depositions due to his vacation schedule.

I myself have a vacation planned for the first two weeks of September. Furthermore,

unlike Defendants, who have *three attorneys* assigned to this case, I have a small office, and my only full-time associate will be leaving at the end of this week, so until I hire a new associate, I will essentially be a sole practitioner.

However, despite my own vacation and time constraints, I have made efforts to work out a schedule for the depositions with Defendants so the parties can comply with the Court's deadlines.

Nevertheless, it has become clear that Defendants' obstructionist tactics will make that impossible. They have withheld documents that are crucial to this case, and now they are playing with the dates agreed to for depositions.

Plaintiffs thus request that the Court modify the schedule for filing motions for summary judgment and/or class certification to provide Plaintiffs with sufficient time to obtain the necessary documents and take the depositions of the Defendants.

To that end, Plaintiffs thus request that the Court issue an order compelling Giuseppe Bruno to appear for deposition by the end of August, after Defendants have produced all outstanding documents. Obviously, I cannot properly prepare to take the depositions of Defendants without having an opportunity to review the documents.

Plaintiffs also request a protective order preventing their depositions from taking place on August 14, and ordering that the depositions of Plaintiffs and Defendants will take place consecutively, or back-to-back.

It is important that the depositions take place back-to-back so neither party has the opportunity to massage their testimony and gain an unfair advantage in this litigation. If Plaintiffs testify and Giuseppe Bruno does not do so immediately afterwards, he will have time to scrutinize the record of Plaintiffs' depositions and will have an opportunity to conform his own testimony to theirs, or come up with explanations for their allegations.

In a case like this, the parties should be deposed in rapid succession, so neither side gains an unfair advantage.

The Court has the authority to compel the discovery requested above, and to issue a protective order if necessary to ensure that neither party gains an unfair advantage in the litigation, under Fed.R.Civ.P., Rule 26.

Furthermore, failure of a party to produce requested records, which consequently delays depositions, is good cause for an extension of the deadline to complete discovery. *See, e.g.,* ***ACE, Ltd. v. CIGNA Corp.***, 2001 U.S. Dist. LEXIS 19090, at *4 (S.D.N.Y., November 20, 2001).

Here, Plaintiffs are not asking for an extension of the discovery deadline, but rather an

extension of the deadline to file motions for class certification and for summary judgment, so the necessary discovery can be completed within the Court's schedule.

Thank you for your attention to the above.

Respectfully submitted,

--------------/s/--------------

Robert Wisniewski (RW-5308)

cc:    Daniel Moretti, Esq. (via e-mail at dmoretti@lcbf.com)
       Jennifer Lagadas, Esq. (via e-mail at jlagadas@lcbf.com)
       Tina Bhatt, Esq. (via e-mail at tbhatt@lcbf.com)

The Court has reviewed plaintiffs' letter-motion dated 8/12/13
and defendants' response dated 8/14/13 and orders as follows:
(1) Inquiry into the Revelo lawsuit relating to other wage and
hour claims against defendants is relevant (the question of
admissibility at trial is another issue) and allowed.
Defendants should provide such information upon request.
(2) To the extent "tip books" exist for the period of time
relating to the claims in this lawsuit, they shall be produced.
(3) Plaintiffs' request for an extension of time to file
motions is moot, and plaintiffs' requests related to deposition
scheduling are moot and premature, in light of the Court's
August 14, 2013 order (ECF No. 32).

8/15/13

_____
   Katherine B. Forrest
   United States District Judge

## Jonathan Parrott

| | |
|---|---|
| **From:** | Robert Wisniewski [rw@rwapc.com] |
| **Sent:** | Monday, August 05, 2013 1:01 PM |
| **To:** | Tina Bhatt |
| **Subject:** | Veres-Pop v. Sistina |
| **Importance:** | High |

Dear Ms. Bahtt,

I am writing to reiterate my point made to you on Friday and in our telco today that on Friday we agreed to all deposition dates which take into account the extremely short deadlines in this case. Specifically, we agreed as follows:

August 8 -- Plaintiff Veres-Pop
August 9 -- Plaintiff Vasquez
August 13, 15 and 16 the Krasniqui litigants
August 14  -- Giuseppe Bruno
August 29 -- Gerardo Bruno

Your claim now that you have to check if the date of Mr. Giuseppe Bruno's deposition comports with his schedule is surprising to say the least. As I told you, this is litigation with real deadlines, not a social appointment.

Separately, I confirm that you reiterated: (1) your refusal to agree not to ask Mr. Veres-Pop about his previous lawsuits in light of the confidentiality agreements he had signed, and (2) refusal to produce unredacted versions of the documents.

Regards,

Robert Wisniewski


**ROBERT WISNIEWSKI P.C.**
**Attorneys at Law**

**225 Broadway, Suite 1020**
**New York, NY 10007**
**Tel: (212) 267-2101 Fax: (212) 587 8115**

*NOTICE OF CONFIDENTIALITY*

This e-mail (and any attachments) constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. 2510, and is intended solely for the use of the individuals or entities to whom it is addressed. This e-mail may contain information that is privileged, confidential, or otherwise protected from disclosure. If you are not the intended recipient, you received this e-mail in error and any review, disclosure, dissemination, copying, or use of any information contained in this e-mail (and any attachments) is strictly prohibited and may subject you to criminal or civil penalties. Please delete this e-mail as well as any attachments from your system, notify us immediately at office@rwapc.com and/or by telephone at (212)267-2101, and destroy any hard copy you may have printed. Thank you.