# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

DANIEL S. MORETTI
MEMBER

TEL: (212) 238-4800
EMAIL: dmoretti@lcbf.com

120 BROADWAY
27TH FLOOR
NEW YORK, NY 10271-0079
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

One Gateway Center
Newark, NJ 07102
Tel: (973) 623-2700

1617 JFK Boulevard
Philadelphia, PA 19103
Tel: (215) 561-8540

August 14, 2013

<u>**Via Email**</u>

Hon. Katherine B. Forrest
United States District Judge, SDNY
ForrestNYSDCChambers@nysd.uscourts.gov

Re:    **Veres-Pop v. Sistina Restaurant Inc, et al**
<u>**Docket No.: 13-civ-2360 (KBF)**</u>

Dear Judge Forrest,

 This office represents the defendants in the above referenced matter. We respectfully submit this letter in response to the Plaintiffs' letter motion dated August 12, 2013, for an order: (1) compelling defendants to respond to certain discovery demands regarding a prior lawsuit for unpaid wages and to produce tips books from 2007 to 2010; (2) prohibiting plaintiffs from being deposed on August 14, compelling Defendant Giuseppe Bruno to appear for deposition at the end of August, and directing that the party depositions be held "consecutively, or back-to-back"; and (3) extending the time to file motions to the end of October.

 Earlier today, the Court granted the parties' joint request for an extension of the motion and discovery deadlines to October 16, 2013, in light of the parties' agreement to pursue mediation with Magistrate Judge Peck in a joint effort to avoid the significant expenses that will be incurred in connection with proceeding with depositions. Accordingly, much of plaintiffs' request for relief with respect to depositions and the motion schedule has now been rendered moot. That portion of plaintiffs' motion which seeks to compel discovery should also be denied for the reasons discussed below.

## 1.  <u>Discovery Regarding the Prior Lawsuit against Defendants</u>

 Plaintiffs seek to compel responses to questions and written discovery, specifically Interrogatory No. 8 and Document Demand Nos. 29 and 30, regarding a prior lawsuit for unpaid wages against certain defendants (the "Revelo Action"). Plaintiffs' motion to compel answers to questions regarding the Revelo Action should be denied as moot because the defendants have not refused to respond to deposition questions regarding that subject matter. Plaintiffs' motion to compel a response to Interrogatory No. 8 should be denied because the interrogatory is beyond

LANDMAN CORSI BALLAINE & FORD P.C.
Veres-Pop v. Sistina; 13-civ-2360(KBF)
August 14, 2013
Page 2

the scope of Local Civil Rule 33.3, which limits interrogatories to the identification of relevant witnesses, documents, and damages.[1]

Plaintiffs' motion to compel responses to Document Demand Nos. 29 and 30 also should be denied. Documents regarding the Revelo Action are not responsive to Demand No. 30, which seeks documents "relating to actions taken by any state or federal tax authority, the New York State and/or United States Department of Labor . . . ." To the extent that Demand No. 29[2] encompasses the Revelo Action, it seeks information which is irrelevant, privileged, publicly available, and not in the possession of the defendants. This Court's ruling regarding conditional class certification [ECF Doc. No. 27] held that Plaintiffs' allegations are limited to the period of September 1, 2010, to the present because they concern the restaurant's time clock, which was installed after that date. The Revelo Action was commenced in March 2010 and relates to facts and circumstances that predate the facts and circumstances involved here. It is therefore not relevant to this action. More significantly, the demand seeks material which is obviously privileged, constitutes attorney work product, and relates to non-parties. Additionally, documents regarding the Revelo Action, including the complaint and settlement information, are publicly available on ECF and defendants are not in possession of any non-public, non-privileged documents responsive to these demands.

**In the event the Court orders disclosure regarding the Revelo Action, the defendants request two weeks to attempt to obtain responsive documents, if any, from their prior counsel and that the disclosure be limited to non-privileged documents with identifying information of non-parties redacted.[3]**

## 2. Production of Tip Books from 2007 to 2010

Plaintiffs' motion to compel tip books from 2007 to 2010 should also be denied. Since this action has been limited by Court Order to September 1, 2010, to the present, plaintiffs are not entitled to tip books or other records preceding that date. Additionally, as I previously advised plaintiffs' counsel, defendants are not in possession of tip books from 2007 to 2010.[4] Plaintiffs' request for a sworn statement regarding the 2007-2010 tip books should also be denied as unnecessary since plaintiffs may question defendants under oath about the books during depositions.

---

[1] Plaintiff's Interrogatory No. 8 directs defendants to "state whether you have been a party to any federal or state litigation . . . concerning the payment of wages" and "state with specificity" various factual details including the nature of the lawsuit and the details of the settlement.

[2] Demand No. 29 request "all documents concerning or relating to all court actions . . . in which the Corporate Defendant was or is a named party" concerning unpaid wages, including all correspondence and all documents concerning settlement.

[3] Although defendants contest that the Revelo Action and the 2007 to 2010 tip books (discussed below) are subject to discovery, we have already contacted prior defense counsel to obtain the requested materials and were advised that it will take several days to retrieve the file.

**LANDMAN CORSI BALLAINE & FORD P.C.**
Veres-Pop v. Sistina; 13-civ-2360(KBF)
August 14, 2013
Page 3

### 3. "Back-to-Back" Depositions

Plaintiffs motion for an order directing that the party depositions be held "consecutively, or back-to-back" should be denied as both moot and premature, given that the parties will be proceeding with Mediation, which may obviate the need for depositions altogether. That said, however, plaintiffs' claim that back-to-back depositions are necessary in order to prevent defendant from "massaging" his testimony, is simply a meritless claim that is unsupported by any legal authority. In any event, if the September mediation is unsuccessful, we are hopeful that the parties will be able to resolve the deposition schedule on their own.

Similarly, plaintiffs' request for an order prohibiting their depositions from taking place on August 14 (as the parties previously agreed) and compelling Defendant Giuseppe Bruno to appear for deposition at the end of August has also been rendered moot, given the upcoming mediation and discovery extension.

Finally, defendants must note for the record, that Plaintiffs' counsel grossly misstated and mischaracterized the various written and oral communications between the parties regarding the deposition schedule and his accusations of gamesmanship, intransigence, obstruction, and deliberate delay are belied by defense counsel's documented efforts to schedule deposition dates, in the event that the parties were not prepared to proceed with mediation. Additionally, contrary to plaintiffs' assertions, the record will show that the defendants have not engaged in any "gamesmanship" with respect to production of documents. Defendants are prepared to provide the Court with documentation and further details regarding the parties' communications about these issues upon the Court's request.

Based on the foregoing, the defendants respectfully request that plaintiffs' motion be denied in its entirety.

Respectfully Submitted,

Daniel S. Moretti

Cc: Robert Wisniewski, Esq.

Ordered: Post to docket

8/15/13

Katherine B. Forrest
United States District Judge

556065